UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEREK KIRK,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et. al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:17-cv-00334-RCJ-CLB<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1] |

This case arises out of the refusal by Defendants Alejandro Filorio-Ramirez and James Keener (collectively "Defendants") to provide Plaintiff Derek Kirk ("Kirk") two pieces of mail while he was an inmate in the custody of the Nevada Department of Corrections ("NDOC"). Currently pending before the court is Defendants' motion for summary judgment. (ECF No. 70). Kirk did not file an opposition and no reply was filed. Having thoroughly reviewed the record and motion, the Court recommends Defendants' motion for summary judgment be granted.

**I.　　FACTUAL BACKGROUND**

The facts of this case are straight forward. On November 2, 2016 and December 14, 2016, Kirk was sent two items of mail while he was in NDOC custody. (ECF No. 70-1 at 2-3). Each item allegedly contained information relating to another NDOC inmate. (*Id.*) With respect to the November item, Defendant Keener sent Kirk an unauthorized mail notification stating the item contained information about another inmate and it could not be provided to him. (*Id.* at 3). Defendant Filorio-Ramirez provided a similar unauthorized mail notification to Kirk for the December item. (*Id.* at 2). In both instances, Defendants

---

[1] This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice IB 1-4.

asserted the mail was unauthorized pursuant to Administrative Regulation ("AR") 750.03(2), which prohibits an inmate from receiving mail containing information about another current or past NDOC inmate. (ECF No. 70-6 at 6). In both notifications, Kirk was advised he had 10 days to advise the mailroom whether he wanted the mail forwarded at his expense, be disposed of, or whether he wanted to appeal the decision not to provide the mail to him through the inmate grievance system. Ultimately, Kirk appealed the refusal to provide him the mail via the inmate grievance process. However, his grievances were denied at each level.

**II.   PROCEDURAL HISTORY**

Thereafter, Kirk filed the instant lawsuit pursuant to 42 U.S.C. § 1983. (ECF No. 1). On August 13, 2019, the court screened Kirk's complaint pursuant to 28 U.S.C. § 1915A and determined the case could proceed on a single claim against Defendant Filorio-Ramirez and Officer John Doe for a violation of First Amendment rights in refusing to provide Kirk his mail. (ECF No. 8). Kirk later filed his Second Amended Complaint ("SAC"), which simply substituted Officer John Doe with Defendant Keener. (ECF No. 46).

On February 26, 2021, Defendants filed a motion for summary judgment seeking dismissal of this case. (ECF No. 70). Defendants argue Kirk's claims must be dismissed because: (1) there is no First Amendment violation in this case; and (2) they are entitled to qualified immunity. (ECF No. 70 at 4-11).[2]

Upon the filing of the motion for summary judgment, the court entered a minute order advising Kirk of his obligations to file an opposition or responsive document to the motion pursuant to *Klingele v. Eikenberry* and *Rand v. Rowland*. (ECF No. 71). However, Kirk did not file a response or opposition to the motion. Thereafter, the court entered an order *sua sponte* providing Kirk an extension of time to file an opposition or response up

---

[2] Defendant Keener also argues the claim against him should be dismissed because Kirk failed to exhaust his administrative remedies related to the aspect of his claim against him. (ECF No. 70 at 12-14).

to and including Thursday, April 8, 2021. (ECF No. 72). Plaintiff again failed to file any opposition or responsive document.

## III.    LEGAL STANDARD

Summary judgment should be granted when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).  "[T]he substantive law will identify which facts are material."  *Id.*  A dispute is "genuine" only where a reasonable jury could find for the nonmoving party.  *Id.*  Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute.  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996).

Summary judgment proceeds in burden-shifting steps.  A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  Ultimately, the moving party must demonstrate, based on authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts.  *Celotex,* 477 U.S. at 323*; Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).  The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party.  *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.,* 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).  "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence . . . . [i]n fact, the non-moving party must come

forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The nonmoving party may defeat the summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex*, 477 U.S. at 324.

For purposes of opposing summary judgment, the contentions offered by a pro se litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge and set forth facts that would be admissible into evidence and the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

**IV.   DISCUSSION**

**A.   First Amendment – Right to Send and Receive Mail**

Prisoners have "a First Amendment right to send and receive mail." *Nordstrom v. Ryan*, 856 F.3d 1265, 1272 (9th Cir. 2017) (citing *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). However, prisons can enact regulations that may curtail this right if the "regulations are reasonably related to legitimate penological interests." *Id.* Legitimate penological interests that justify regulation of outgoing legal mail include "the prevention of criminal activity and the maintenance of prison security." *O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir. 1996).

When assessing the constitutionality of prison regulations that affect inmates' constitutional rights, the court applies the four-factor test articulated in *Turner v. Safley*, 482 U.S. 78, 89–91 (1987). Under this test, the court must consider: (1) whether there is "a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) what "impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) whether there is an "absence of ready alternatives." *Id.* (internal quotation marks omitted).

1    Defendants assert that Kirk's First Amendment claim fails because they relied upon AR 750.03(2), which prohibits an inmate from receiving mail containing information about another current or past NDOC inmate, when they refused to provide Kirk with his mail. (ECF No. 70 at 5-8). According to Defendants, AR 750 is reasonably related to legitimate penological interests pursuant to the *Turner* factors and Defendants' reliance on this regulation in censoring Kirk's mail negates any claim that his First Amendment rights were violated.

Defendants have provided admissible and authenticated evidence that establishes AR 750 is rationally related to a legitimate penological purpose under the *Turner* factors. For example, Defendants provide the declaration of NDOC Deputy Director Brian E. Williams, who provides detailed information regarding the *Turner* factors, including information related to the safety and security concerns that AR 750 addresses, particularly as it relates to prohibiting inmates from having personal information related to other inmates, the lack of alternate means to address these safety and security concerns, and the negative effects that the prisons could suffer without these protections in place. (ECF No. 70-7 at 2-3). Therefore, Defendants have met their initial burden on summary judgment to establish the record forecloses a jury from finding in Kirk's favor on his First Amendment claim.

The burden now shifts to Kirk to present evidence that would establish an issue of fact regarding the validity of AR 750 and his First Amendment claim. Kirk, however, failed to meet his burden of production. Kirk did not file any opposition or response to Defendants' motion and has provided no evidence to rebut the evidence presented by Defendants related to AR 750 and his First Amendment claim or to create an issue of fact for the jury. Therefore, having failed to meet his burden of production, Defendants are entitled to summary judgment and their motion should be granted.[3]

---

[3] Because the court concludes Kirk's First Amendment claim fails as to both Defendants in its entirety, the court does not reach Defendants' alternate arguments seeking dismissal of Kirk's claim.

## V. CONCLUSION

Based on the foregoing, the court recommends that Defendants' motion for summary judgment (ECF No. 70) be granted.

The parties are advised:

1. Pursuant to 28 U.S.C § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## VI. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion for summary judgment (ECF No. 70) be **GRANTED**; and

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: April 15, 2021

_____
**UNITED STATES MAGISTRATE JUDGE**